IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3186-BO

| ELAINE JOHNSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Elaine Johnson, as Administratrix of the Estate of Cullen Francis Johnson (the "decedent"), filed this action *pro se* pursuant to the Federal Torts Claim Act ("FTCA") 28 U.S.C. § 2672, alleging wrongful death based on medical malpractice. The matter now is before the court for frivolity review pursuant to 28 U.S.C. § 1915. The matter also is before the court on plaintiff's motion to appoint an expert witness (DE 2) and motion to appear through "televideo" (DE 3). The issues raised are now ripe for adjudication.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under

this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff's action relates to the medical care the decedent, her husband, received while in the custody of the Federal Bureau of Prisons ("BOP") beginning in 2016. In November 2016, the decedent was a sixty-eight year old federal inmate confined at Rivers Correctional Institution ("Rivers").[1] (Compl. pp. 4-5). From mid-November 2016 through February 12, 2016, the decedent repeatedly complained to Rivers medical staff of constipation, episodes of incontinence, and severe pain. (Id. p. 5). He was prescribed a number of over-the-counter medications, which did not relieve his symptoms. (Id.) The decent was scheduled for a colonoscopy on February 8, 2016. (Id. p. 5). On February 12, 2016, the decedent learned that his colonoscopy examination was positive for rectal cancer, and he was referred for "MCV" colorectal surgery the next day. (Id.) "At the time, [] Rivers medical staff [] continued to prescribe [over-the-counter] medications, those of which medical staff knew would not alleviate [the decedent's] symptoms." (Id.)

"On February 24, 2016, one consultant's report was entered on file for staging of rectal cancer without results, and, one for entry for surgical pathology report from Southside Regional Hospital. There were no other entries of record reported from Rivers Detention Facility in [the

---

[1] Rivers is a private correctional facility operated by the GEO Group, Inc., and located in Winton, North Carolina.

2

decedent's] file." (Id.) The decedent then was transferred to the Federal Medical Center in Butner, North Carolina ("Butner"). (Id.) For the next three months, Butner medical staff continued to treat the decedent's symptoms with over-the-counter medications. (Id.) The decedent was scheduled for colorectal surgery at Duke Medical Center on May 13, 2016. (Id.) On May 13, 2016, Duke Medical Center's surgical staff determined that the decedent's cancer had spread to other sections of his body, and that surgery would not be beneficial. (Id. p. 6). The decedent was returned to Butner, and died from metastatic renal failure adenocarcinoma on May 17, 2016.

Plaintiff brings this action under the FTCA. The United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a).[2] A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). Because the statute "requires the law of the place where the act or omission occurred to be applied," North Carolina substantive law controls plaintiff's claim. Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); see 28 U.S.C. § 1346(b)(1). In North Carolina, a plaintiff asserting negligence must prove "the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff." Blackwell v. Hatley, 202 N.C. App. 208, 212, 688 S.E.2d 742, 746 (2010); see Camalier v. Jeffries, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995).

---

[2] "[T]he United States is the only proper defendant" in an action seeking relief under the FTCA. Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002).

3

A plaintiff alleging medical malpractice, additionally, must comply with North Carolina Rule of Civil Procedure 9(j). Rule 9(j) applies to claims of medical malpractice against health care providers, as defined in North Carolina General Statute § 90-21.11(1). Rule 9(j) requires, in part, that a complaint include assertions from an individual, who has reviewed all relevant medical records and who will be expected to testify at trial as an expert, that the medical care provided to the plaintiff fell below the applicable standard of care. See N.C.R. Civ. P. 9(j); Estate of Waters v. Jarman, 144 N.C. App. 98, 100, 547 S.E.2d 142, 144 (2001); Thigpen v. Ngo, 355 N.C. 198, 203–04, 558 S.E.2d 162, 166 (2002). Failure to comply with Rule 9(j) is a ground for dismissal of a state medical-malpractice claim filed in federal court. See, Alston v. Hueske, 244 N.C. App. 546, 549, 781 S.E.2d 305, 308 (2016).

The United States, through FMC-Butner and Rivers, is a "health care provider" as defined in section 90-21.11. See N.C. Gen. Stat. § 90-21.11(1). Plaintiff, in this action, seeks to hold the United States liable for the alleged negligence of its medical staff in failing to provide the decedent with a colonoscopy from 2014 until November 2016, and treating the decedent's symptoms with over-the-counter medications instead of scheduling him for surgery for a period of three months after his colorectal cancer diagnosis. See (Compl. pp. 4-6; (DE 2), p. 2). As such, plaintiff's negligence claim "sounds in malpractice, not ordinary negligence." Frazier v. Angel Medical Center, 308 F. Supp. 2d 671, 678 (2004); see, e.g., Duke Univ. v. St. Paul Fire & Marine Ins. Co., 96 N.C. App. 635, 640–41, 386 S.E.2d 762, 765–66 (1990). Thus, under North Carolina law, plaintiff must comply with Rule 9(j).

In enacting Rule 9(j), the North Carolina legislature did not create an exception for ignorance or good cause. Nor did the North Carolina legislature provide discretion to the court if a litigant

offers an excuse for his noncompliance. See N.C. R. Civ. P. 9(j). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth Cnty. Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Moreover, plaintiff's *pro se* status does not excuse her failure to comply with Rule 9(j)'s pre-filing certification requirements. See, Hill v. United States, No. 5:08-CT-3070-D, 2010 WL 3075495, at *15 (E.D.N.C. Aug. 5, 2010).

Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (quotation and emphases omitted); see, e.g., Robinson v. Duke University Health Systems, Inc., 229 N.C. App. 215, 232-33, 747 S.E.2d 321, 334 (2013). Plaintiff has not alleged circumstances that support the application of res ipsa loquitur to his claim. Accordingly, because plaintiff failed to comply with Rule 9(j) or plead facts to fall within the res ipsa loquitur exception, the court dismisses plaintiff's FTCA claim and the United States as a defendant.

In summary, the court DISMISSES this action without prejudice. Because the court has dismissed this action, plaintiff's motion to appoint an expert witness[3] (DE 2) and motion to appear

---

[3] The court notes that certification pursuant to North Carolina Rule of Civil Procedure 9(j) must be included at the time the complaint is filed. See Thigpen, 558 S.E.2d at 166 ("This Court also granted discretionary review to determine if an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j). We hold it does not."). Plaintiff has not met this requirement and may not do so subsequent to filing her complaint.

5

through "televideo" (DE 3) are DENIED as MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17 day of January, 2020.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge